```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/8/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MANUEL JUAREZ CRISTINO,
*individually and on behalf of others similarly situated*,

                        Plaintiff,

   -v.-

DUKE ELLINGTON GOURMET CORP.
*d/b/a* DUKE ELLINGTON GOURMET
DELI, GHAZI GHANEM, and
GAMAL DOE,

                      Defendants.
-------------------------------------------------------------X

**SCHEDULING ORDER FOR DAMAGES INQUEST**

20-CV-7546 (GBD) (JLC)

**JAMES L. COTT, United States Magistrate Judge.**

      On February 7, 2022, Judge Daniels granted a default judgment against defendants Duke Ellington Gourmet Corp. and Ghazi Ghanem (Dkt. No. 42) and referred this case to me to conduct an inquest into damages as well as to determine whether default judgment should be entered against Defendant Gamal "Doe" (Dkt. No. 43).

      "[E]ven when the defendant defaults and is not present to object, damages must be based on admissible evidence." *Am. Jewish Comm. v. Berman*, No. 15-CV-5983 (LAK) (JLC), 2016 WL 3365313, at *4 (S.D.N.Y. June 15, 2016) (quoting *House v. Kent Worldwide Mach. Works, Inc.*, 359 F. App'x 206, 207 (2d Cir. 2010)) (citations omitted), *adopted by* 2016 WL 4532201 (S.D.N.Y. Aug. 29, 2016). In the context of a default, allegations in a pleading pertaining to damages are not deemed admitted. *Nat'l Photo Grp., LLC v. Bigstar Entm't, Inc.*, No. 13-CV-5467 (VSB)

(JLC), 2014 WL 1396543, at *2 (S.D.N.Y. Apr. 11, 2014) (citing *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)), *adopted by* 2014 WL 5051275 (S.D.N.Y. Oct. 8, 2014). Rather, "a plaintiff must submit sufficient evidence, in the form of detailed affidavits and other documentary materials to enable the district court to 'establish damages with reasonable certainty.'" *Id.* (quoting *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)) (internal citations omitted); *see also* Fed. R. Civ. P. 55(b)(2).

Accordingly, it is hereby **ORDERED** that:

1. Plaintiff shall serve defendants and file Proposed Findings of Fact and Conclusions of Law concerning all damages and any other monetary relief permitted under the entry of default judgment no later than **March 7, 2022**. Plaintiff shall include with such service a copy of this Order. The submission shall contain a concluding paragraph that succinctly summarizes what damage amount (or other monetary relief) is being sought, including the exact dollar amount.

    a. Plaintiff's Proposed Findings of Fact should specifically tie the proposed damages figures to the legal claims on which liability has been established; should demonstrate how plaintiff has arrived at the proposed damages figures; and should be supported by one or more affidavits, which may attach any documentary evidence establishing the proposed damages. Each Proposed Finding of Fact shall be followed by a citation to the paragraphs of the affidavits and or page of documentary evidence that

supports each such Proposed Finding. To the extent the Proposed Findings contain any allegations regarding liability, the Proposed Findings should cite to the appropriate paragraph of the complaint.

b. In addition to addressing any legal issues relating to damages, plaintiff's Proposed Conclusions of Law should address whether the allegations of the complaint state a claim (or claims) for relief. This is required because where a defendant has defaulted, as here, the court is required to accept all of the plaintiff's factual allegations as true and draw all reasonable inferences in the plaintiff's favor, . . . but it is also required to determine whether the plaintiff's allegations establish [the defendant's] liability as a matter of law." *Related Companies, L.P. v. Ruthling*, No. 17-CV-4175 (JSR) (DF), 2019 WL 10947100, at *3 (S.D.N.Y. July 23, 2019) (internal quotation and alteration omitted) (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)). Thus, if the "complaint fails to state a cognizable claim, a plaintiff may not recover even upon defendant's default." *Bolivar v. FIT Int'l Grp. Corp.,* No. 12-CV-781 (PGG) (DF), 2017 WL 11473766, at *13 (S.D.N.Y. Mar. 16, 2017), adopted by 2019 WL 4565067 (Sept. 20, 2019) (internal quotation marks omitted) (citing *Allstate Ins. Co. v. Afanasyev,* No. 12-CV-2423 (JBW) (CLP), 2016 WL 1156769, at *6 (E.D.N.Y. Feb. 11, 2016), *adopted by* 2016 WL 1189284 (Mar. 22, 2016)). *See also Cont'l Indus. Grp., Inc. v. Altunkilic*, No. 14-CV-790 (AT) (JLC), 2018 WL 1508566, at *2 (S.D.N.Y. Mar. 27, 2018)

(rejecting plaintiff's argument that, after the court entered default, magistrate judge could only calculate sum for damages and not otherwise evaluate validity of the claims), *aff'd in part, vacated in part, remanded*, 788 F. App'x 37 (2d Cir. 2019).  Notably, in making the inquest referral, Judge Daniels has not made any determination as to whether the claims for relief, on which damages are predicated, are cognizable.

c. Plaintiff's Proposed Conclusions of Law should also address whether default judgment may be entered as a matter of law against Defendant Gamal "Doe" pursuant to Federal Rule of Civil Procedure 55 given that his full identity is not provided.

d. Any request for attorneys' fees must be supported by contemporaneous time records showing, for each attorney, the date of service, the hours expended, and the nature of the work performed.  Counsel should file an affidavit providing the number of years each attorney has been admitted to the bar and their hourly rate (and any authority to support the proposed rate).  Counsel should also include charts related to any fees that they are seeking, in terms of hours and number of attorneys, if appropriate.  The Conclusions of Law shall include a paragraph or paragraphs setting forth the legal basis for any requested award of attorney's fees, including why, if applicable, the number of attorneys involved are entitled to fees.  Finally, counsel should provide documentary evidence justifying an award of costs.

    e. In lieu of conclusions of law, plaintiff may submit a memorandum of law setting forth the legal principles applicable to plaintiff's claim or claims for damages (including but not limited to the legal basis for any claim for interest or attorneys' fees). Plaintiff's papers must include an affidavit from someone with personal knowledge, setting forth the facts in the complaint which establish liability, and the proposed damages amount.

    f. For recent inquests the Court has conducted in wage-and-hour cases, the parties are referred to the following cases, as examples: *Baez v. RCO Restoration Corp.*, 20-CV-1066 (VSB) (JLC), 2021 WL 1847379 (S.D.N.Y. May 10, 2021), *adopted by* 2021 WL 4077944 (Sept. 8, 2021); and *Canaveral v. Midtown Diner N.Y.C., Inc.*, No. 19-CV-635 (GBD) (JLC), 2019 WL 4195194 (S.D.N.Y. Sept. 5, 2019), *adopted by* 2019 WL 6170058 (Nov. 19, 2019).

2. Defendants shall send to plaintiff's counsel and file with the Court their response, if any, to plaintiff's submissions no later than **March 28, 2022.**

3. The Court hereby notifies the parties that it may conduct this inquest based solely upon the written submissions of the parties. *See Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 189 (2d Cir. 2015) (quoting *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991)); *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012)

(citation omitted).  To the extent that any party seeks an evidentiary hearing on the issue of damages, such party must set forth in its submission the reason why the inquest should not be conducted based upon the written submissions alone, including a description of what witnesses would be called to testify at a hearing and the nature of the evidence that would be submitted.

4. A courtesy copy of any document filed with the Court shall be sent or delivered to the undersigned.


Dated: February 8, 2022
      New York, New York

_____
JAMES L. COTT
United States Magistrate Judge