**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------- x
MANUEL JUAREZ CRISTINO,

                Plaintiff,

    -against-

DUKE ELLINGTON GOURMET CORP.
*d/b/a* DUKE ELLINGTON GOURMET
DELI, GHAZI GHANEM, and GAMAL
ALFAQIH,

                Defendants.
------------------------------------- x

MEMORANDUM DECISION
AND ORDER

20 Civ. 7546 (GBD) (JLC)

GEORGE B. DANIELS, United States District Judge:

Plaintiff Manuel Juarez Cristino ("Plaintiff") brings this wage-and-hour action against Duke Ellington Gourmet Corp. (d/b/a Duke Ellington Gourmet Deli), Ghazi Ghanem, and Gamal Alfaqih (collectively, "Defendants"), asserting claims for unpaid minimum wage and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* ("NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner codified at N.Y. COMP. CODES R. & REGS. TIT. 12, § 146–1.6 (2016).

Before this Court is Magistrate Judge James L. Cott's October 6, 2022 Report and Recommendation ("Report"), recommending that this Court (i) convert Defendants' motion to dismiss Plaintiff's First Amended Complaint ("FAC") into a motion for summary judgment, (ii) grant partial summary judgment to Defendants Duke Ellington Gourmet Corp. and Ghazi Ghanem only as to Plaintiff's FLSA claims against them, and (iii) grant Plaintiff's cross-motion to amend to add two new named defendants: Duke Ellington Inc. and Abdo Alhagagi. (Report at 1, 8.) No party filed objections to the Report. Having reviewed the Report for clear error and

1

finding none, this Court ADOPTS Magistrate Judge Cott's Report in full.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

This Court assumes familiarity with the background set forth in the Report and recounts here only those facts necessary for resolution of the issues before it.[1] Plaintiff was employed as a delivery worker by Duke Ellington Gourmet Deli from December 17, 2014, until on or about August 2020. (First Am. Compl., ECF No. 53, "FAC" ¶¶ 1–2, 21.) On September 15, 2020, Plaintiff filed the instant action asserting claims for unpaid minimum wage and overtime wages under the FLSA and the NYLL. As alleged, Plaintiff was required to spend "a considerable part of his workday performing non-tipped duties," and worked more than 40 hours per week without minimum wage, overtime, and spread of hours compensation. (FAC ¶¶ 5–6, Report at 2.) Plaintiff also alleged that Defendants failed to maintain accurate records regarding the hours Plaintiff worked, failed to pay him on a timely basis, and mischaracterized him as solely a delivery worker in their records. (FAC ¶¶ 7–10.) On February 7, 2022, after all Defendants failed to appear, a default judgment was entered against them. (ECF No. 42.)

On March 25, 2022, Plaintiff filed the First Amended Complaint, replacing Gamal Doe with Gamal Alfaqih as a defendant. (ECF No. 53.) On March 31, 2022, all Defendants were successfully served, and on April 19, 2022, the parties stipulated to set aside the default judgment, which this Court approved. (ECF Nos. 56, 59.) Defendants then moved to dismiss the First Amended Complaint on May 23, 2022, pursuant to Fed. R. Civ. P. 12(b)(6). (Notice of Motion to Dismiss, ECF No. 62; Memorandum of Law in Support of Motion to Dismiss ("Def. Mem."), ECF

---

[1] The relevant factual and procedural background is set forth in greater detail in the Report and is incorporated by reference herein.

No. 63.)[2] In their motion, Defendants explicitly requested that the Court review their motion to dismiss as a motion for summary judgment. (Def. Mem. at 4–5.)

On June 8, 2022, Plaintiff filed papers in opposition to Defendants' motion to dismiss, and cross-moved for leave to file a Second Amended Complaint in order to add two new defendants: Ellington Deli Inc. and Abdo Alhagagi. (Notice of Cross-Motion, ECF No. 71, Memorandum of Law in Opposition to Defendants' Motion to Dismiss FLSA Claims and in Support of Cross-Motion to Amend the FAC, ("Pl. Opp."), ECF No. 73.)[3] Plaintiff opposed Defendants' request to convert their motion to dismiss as a motion for summary judgment, and asked that this Court deny summary judgment if the motion was converted. (Pl. Opp. at 10–12.)

On October 6, 2022, Magistrate Judge Cott issued a Report and Recommendation, in which he advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (Report at 17.)

## II. LEGAL STANDARDS

### A. Review of a Magistrate Judge's Report and Recommendation

A reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). The clear error standard also applies if a party's "objections are

---

[2] In support of their Motion, Defendants filed three declarations dated May 23, 2022: the Declaration of Ghazi Ghanem ("Ghanem Decl."), ECF No. 64; the Declaration of Gamal Alfaqih ("Alfaqih Decl."), ECF No. 65; and the Declaration of Jacqueline S. Kafedjian, Esq. ("Kafedjian Decl."), ECF Nos. 66, 67.

[3] Along with his cross-motion to amend his First Amended Complaint, Plaintiff filed the Declaration of Manuel Juarez Cristino dated June 8, 2022 ("Juarez Decl.") (ECF No. 72.)

3

improper—because they are 'conclusory,' 'general,' or 'simply rehash or reiterate the original briefs to the magistrate judge.'" *Stone v. Comm'r of Soc. Sec.*, No. 17 Civ. 569 (RJS), 2018 WL 1581993, at *3 (S.D.N.Y. Mar. 27, 2018) (citation omitted). Clear error is present when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

### B. Rule 12(b)(6) Conversion of a Motion to Dismiss to a Motion for Summary Judgment

Rule 12(d) of the Federal Rules of Civil Procedure provides that, if on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, "the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.'" *Hernandez v. Coffey*, 582 F.3d 303, 307 (2d Cir. 2009) (citing Fed. R. Civ. P. 12(d)). Accordingly, a district court acts properly in converting a motion for judgment on the pleadings into a motion for summary judgment when the motion presents matters outside the pleadings, but the rule requires that the court give 'sufficient notice to an opposing party and an opportunity for that party to respond.'" *Id.* (quoting *Groden v. Random House, Inc.*, 61 F.3d 1045, 1052 (2d Cir.1995)). "Ordinarily, formal notice is not required where a party should reasonably have recognized the possibility that the motion might be converted into one for summary judgment and was neither taken by surprise nor deprived of a reasonable opportunity to meet facts outside the pleadings." *Id.* (citing *Villante v. Dep't of Corrections of City of New York*, 786 F.2d 516, 521 (2d Cir.1986)) (brackets and quotation marks omitted).

### C. Summary Judgment

To prevail on a motion for summary judgment, the movant must "show[ ] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

4

Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The movant bears the burden of demonstrating the absence of a question of material fact. In making this determination, the Court must view all facts "in the light most favorable" to the non-moving party. *Pennington v. D'Ippolito*, 855 F. App'x 779, 781 (2d Cir. 2021) (citation omitted); *Holcomb v. Iona Coll.*, 521 F.3d 130, 132 (2d Cir. 2008).

If the movant meets its burden to demonstrate the absence of a genuine issue of material fact, "the nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment." *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008). "[A] party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (citation omitted). To survive a summary judgment motion, the opposing party must establish a genuine issue of fact by "citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A); *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009).

"Only disputes over facts that might affect the outcome of the suit under the governing law" will preclude a grant of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In determining whether there are genuine issues of material fact, a court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (quoting *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003)).

**D.    Leave to Amend**

Federal Rule of Civil Procedure 15(a) provides that a court should grant leave to amend "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). "A district court has broad discretion in determining whether to grant leave to amend . . . ." *Perez v. 117 Ave. of the Americas Food Corp.*,

5

No. 15 Civ. 8151 (JPO), 2016 WL 5415090, at *1 (S.D.N.Y. Sept. 27, 2016) (quoting *Gurary v. Winehouse*, 235 F.3d 792, 801 (2d Cir. 2000)). A court should deny leave to amend only where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Williams v. Citigroup Inc.*, 659 F.3d 208, 213–14 (2d Cir. 2011) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III. DEFENDANTS' MOTION TO DISMISS IS CONVERTED INTO A MOTION FOR SUMMARY JUDGMENT

Magistrate Judge Cott appropriately determined that Defendants' motion to dismiss be converted into a motion for summary judgment. Conversion is proper because Defendants' motion to dismiss relied on documents outside the pleadings, and Plaintiff was provided sufficient notice and an opportunity to respond. *Coffey*, 582 F.3d at 307.

Here, Defendants relied on multiple declarations in support of their motion to dismiss. These documents should be considered outside the pleadings because they were not discussed, referred to, or relied on in the First Amended Complaint, and are not public documents or matters of public record on which judicial notice may be taken. Fed. R. Civ. P. 12(d); *Cuffee v. City of New York*, No. 15-CV-8916 (PGG) (DF), 2018 WL 1136923, at *5 (S.D.N.Y. Mar. 1, 2018); *Roberts v. Doe 1*, No. 14-CV-9174 (AJP), 2015 WL 670180, at *2 (S.D.N.Y. Feb. 17, 2015); *Casey v. Odwalla, Inc.*, 338 F. Supp. 3d 284, 294 (S.D.N.Y. 2018).

Plaintiff knew that conversion was possible and was provided an opportunity to respond and to meet facts outside the pleadings. In their motion to dismiss, Defendants explicitly requested that this Court review their motion to dismiss as a motion for summary judgment. (Def. Mem. at 4–5, Report at 8.); *Collins v. Goord*, 438 F. Supp. 2d 399, 411–12 (S.D.N.Y. 2006) ("The essential inquiry is whether the [the parties] should reasonably have recognized the possibility that the

motion might be converted into one for summary judgment or [were] taken by surprise . . .") (quoting *Gurary v. Winehouse*, 190 F.3d 37, 43 (2d Cir. 1999)). Defendants' motion states that "treating this motion to dismiss as a motion for summary judgment will enable this Court to consider the facts contained in the declarations, and the other exhibits ..." (Def. Mem. at 5.) Plaintiff was therefore on notice that conversion was possible. Indeed, Plaintiff acknowledged Defendants' request in his opposition to Defendants' motion and asked this Court to refuse to convert the motion. (Pl. Opp. at 10–12.) In addition, Plaintiff submitted his own declaration as part of his opposition to the conversion, demonstrating that he had the opportunity to meet facts outside the pleadings. (Juarez Decl., Report at 8.) Because Juarez had notice of the possibility for conversion and had a reasonable opportunity to present pertinent materials to the Court, Defendants' motion to dismiss is converted to a motion for summary judgment.

## IV. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT IS GRANTED DISMISSING THE TIME-BARRED CLAIMS

The Report recommends that Defendants Ghanem and Duke Ellington Grocery Corp. be awarded summary judgment with respect to the FLSA claims against them and denied summary judgment as to the NYLL claims. (Report at 9.) The Report recommends that this Court deny summary judgment as to Defendant Alfaqih.

Defendants Duke Ellington Gourmet Corp. and Ghanem are entitled to summary judgment as to their FLSA claims because they are time-barred. FLSA claims have a statute of limitations of two years, or three years if the employer acted willfully. 29 U.S.C. § 255(a). Because Juarez's Complaint was filed September 15, 2020, the FLSA's statute of limitations only covers his claims through September 15, 2017 at the most. Notably, Plaintiff does not contest that Duke Ellington Gourmet Corp. closed in December 2016 and was formally dissolved in August 2017. (Def. Mem. at 2, Ghanem Decl. ¶ 6, 8.) Ghanem then joined the military in April 2017. (*Id.*) Given that it is

7

uncontested that Ghanem joined the military in April 2017, and Duke Ellington Gourmet Corp. was dissolved by August 2017, all of Juarez's FLSA claims against both Ghanem and Duke Ellington Gourmet Corp. should be dismissed as time-barred. *Mark v. Gawker Media LLC*, No. 13-CV-4347 (AJN), 2016 WL 1271064, at *4 (S.D.N.Y. Mar. 29, 2016) (summary judgment granted in FLSA case where no genuine dispute of fact existed regarding time-barred claims).

Defendants Duke Ellington Gourmet Corp. and Ghanem are denied summary judgment as to Plaintiff's NYLL claims, which have a statute of limitations of six years. NYLL § 663(3); *Shu Qin Xu v. Wai Mei Ho*, 111 F. Supp. 3d 274, 278 (E.D.N.Y. 2015) ("In contrast to FLSA claims, NYLL claims have a six-year statute of limitations with no showing of willfulness required.").

This Court may exercise supplemental jurisdiction over Plaintiff's NYLL claims against Duke Ellington Gourmet Corp. and Ghanem. "The exercise of supplemental jurisdiction is within the sound discretion of the district court." *Lundy v. Cath. Health Sys. of Long Island Inc.*, 711 F.3d 106, 118 (2d Cir. 2013) (citing *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 349–50 (1988)). The Second Circuit has consistently upheld the exercise of supplemental jurisdiction "in situations when as here the 'state law claims are analytically identical' to federal claims.") *Id.* at 118 (citing *Benn v. City of New York*, 482 Fed. App'x. 637, 639 (2d Cir. 2012)). Because the NYLL claims against Ghanem and Duke Ellington Gourmet Corp. "derive from [the same] common nucleus of operative fact," supplemental jurisdiction over these state law claims is appropriate. *Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*, 373 F.3d 296, 308 (2d Cir. 2004) (citations omitted).

Summary judgment is denied as to Defendant Alfaqih because there are genuine issues of material facts in dispute regarding his role during Plaintiff's employment. Defendants contend that Alfaqih never worked for Ellington Deli Inc., which succeeded Duke Ellington Gourmet Corp. after the latter closed for business, and that Alfaqih did not fire Plaintiff in or about August 2020.

(Second Declaration of Gamal Alfaqih, ("Second Alfaqih Decl."), ECF No. 75, ¶¶ 2, 4–5.) Defendants further argue that Alfaqih only began working for Ellington Deli Deli Corp. in July 2020, and never worked for Ellington Deli Inc. (*Id.* at ¶¶ 2, 5.) Plaintiff contends that Alfaqih was an owner of Ellington Deli Inc., and that Alfaqih "assumed managerial responsibilities," assigned tasks, and monitored employees' work performance throughout Plaintiff's employment at Duke Ellington Gourmet Corp. and Ellington Deli Inc. between December 27, 2014 until in or about August 2020.[4] (Juarez Decl. ¶¶ 7–8.) Plaintiff alleges Alfaqih fired Plaintiff in or about August 2020. (*Id.* ¶ 6.) Because the parties have presented contradictory statements as to Alfaqih's role during the course of Plaintiff's employment, Magistrate Judge Cott correctly concluded that summary judgment with regard to the claims against Alfaqih is inappropriate at this time. *See, e.g., Kim v. DK Cosms.*, No. 19-CV-9079 (JMF), 2022 WL 540675, at *5 (S.D.N.Y. Feb. 23, 2022) (summary judgment denied in FLSA case where factual record in dispute).

## V. PLAINTIFF'S MOTION TO AMEND IS GRANTED

The Report recommends that Plaintiff be permitted to amend his First Amended Complaint in order to add defendants Ellington Deli Inc. and Abdo Alhagagi.[5] (Report at 12.) Defendants contend that Plaintiff's cross-motion to amend should be denied because the amendment would be futile and because Plaintiff's request was made following an undue delay. (Def. Rep. at 6.)

---

[4] All FLSA claims against Defendant Alfaqih based on activities that occurred prior to September 15, 2017 are dismissed as time-barred.

[5] As Magistrate Judge Cott noted, Plaintiff's failure to include a proposed Second Amended Complaint with his cross-motion "is not necessarily fatal to [his] motion to amend." *Briscoe v. City of New Haven*, No. 09-CV-1642 (CSH), 2013 WL 12286061, at *1 (D. Conn. Sept. 12, 2013); Report at 12, fn. 6. "The determination whether to deny a motion to amend based upon such a failure [is] subject to the discretion of the court." *Henderson v. Annucci*, No. 14-CV-445A, 2016 WL 3039687 (RJA) (JJM), at *8 (W.D.N.Y. Mar. 14, 2016), *adopted by* 2016 WL 3031353 (May 27, 2016). Where, as here, a plaintiff's motion papers "sufficiently articulated the basis for his motion to amend such that the defendants were able to respond to the substance of the proposed changes," failing to include the proposed amended complaint with Plaintiff's cross-motion papers is not fatal. *Id.*

9

"The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725 (2d Cir. 2010) (citation omitted). "Thus, if the underlying facts and circumstances upon which the moving party relies support a claim or defense sought to be added, the party should generally be allowed to test that claim or defense on the merits." *Rephen v. Gen. Motors Corp.*, No. 15-CV-5206 (NSR), 2016 WL 4051869, at *2 (S.D.N.Y. July 26, 2016) (citing *United States ex rel. Maritime Admin. v. Cont'l Ill. Nat'l Bank & Trust Co. of Chicago*, 889 F.2d 1248, 1254 (2d Cir. 1989)). However, "[r]easons for a proper denial of leave to amend include undue delay, bad faith, futility of amendment, and perhaps most important, the resulting prejudice to the opposing party." *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981); *Rephen*, 2016 WL 4051869, at *2.

Here, Plaintiff's motion to amend may be properly granted because Plaintiff did not delay in making his cross-motion and Defendants have not established that Plaintiff's amendment would be futile. Plaintiff filed his motion for leave to amend within two months of becoming aware of the additional defendants. (Def. Rep. at 6, ECF No. 71.) A period of two months is insufficient to show delay, much less undue delay. "Mere delay . . . absent a showing of bad faith or undue prejudice, does not provide a basis for the district court to deny the right to amend." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *State Teachers Ret. Bd.*, 654 F.2d at 856). Second, Defendants would not be prejudiced by the amendment. Defendants did not argue that amending the complaint would prejudice them, and discovery has not yet begun.

Finally, Defendants have not met their burden to establish that Plaintiff's amendment would be futile. "As when considering a motion to dismiss under Rule 12(b)(6), the court must accept as true all well-pleaded facts and draw all reasonable inferences in the moving party's

10

favor." *Agerbrink v. Model Serv., LLC*, 155 F. Supp. 3d 448, 456 (S.D.N.Y. 2016) (citations omitted). "[A] motion to amend will not be denied as futile unless the amendment is frivolous or facially insufficient." *Cmty. Ass'n Underwriters of Am., Inc. v. Main Line Fire Prot. Corp.*, No. 18-CV-4273 (PMH) (JCM), 2020 WL 5089444, at *5 (S.D.N.Y. Aug. 28, 2020) (cleaned up).

Here, Plaintiff has alleged sufficient facts that plausibly suggest that Alfaqih, Alhagagi, and Ellington Deli Inc. were his employers under the FLSA and the NYLL based on the Second Circuit's "economic reality" test." *Barfield v. N.Y. City Health & Hosps. Corp.*, 537 F.3d, 132, 142 (2d Cir. 2008). Plaintiff plausibly alleges that Alfaqih established Plaintiff's working schedule, maintained employee records, assumed managerial responsibilities, including hiring and firing employees. *Hosking v. New World Mortgage, Inc.*, 602 F. Supp. 2d 441, 447 (E.D.N.Y. 2009) (motion to amend not futile where plaintiff alleged proposed defendants involved in day-to-day business operations, hired and fired employees, directed and supervised employees, and signed payroll checks). Plaintiff contends that Alhagagi assigned tasks to employees when Alfaqih was not present, and Plaintiff has thus "plausibly allege[d] employer status" under the FLSA and NYLL. *Salomon v. Adderley Indus., Inc.*, 960 F. Supp. 2d 502, 510 (S.D.N.Y. 2013); (Pl. Opp. at 14.) In addition, Plaintiff has plausibly alleged that Ellington Deli Inc. was his employer because Duke Ellington Gourmet Corp. and Ellington Deli Inc. "operated from the same location, had many of the same employees, and conducted the same general business" during Plaintiff's employment. (Pl. Opp. at 15, Juarez Decl. ¶¶ 3–5, 9.) Accordingly, Plaintiff has stated a plausible claim for relief and his proposed amendment would not be futile.

## VI. CONCLUSION

Magistrate Judge Cott's Report is ADOPTED in full. Defendants' motion for summary judgment is GRANTED to Defendants Duke Ellington Corp. and Ghanem as to the FLSA claims

11

but DENIED as to the NYLL claims. Summary judgment is DENIED as to Defendant Alfaqih. This Court asserts supplemental jurisdiction over Plaintiff's remaining NYLL claims against Duke Ellington Corp. and Ghanem. Plaintiff's cross-motion for leave to amend his Complaint to add Defendants Ellington Deli Inc. and Abdo Alhagagi is GRANTED.[6] The Clerk of Court is directed to close the open motions at ECF Nos. 62 and 71 accordingly.

Dated: January 23, 2023
      New York, New York

SO ORDERED.

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge

---

[6] Plaintiff shall submit a Proposed Second Amended Complaint within sixty (60) days of this decision.